<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-8041**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LEMONZE E. FORD,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:03-cr-01094-HFF-14; 7:06-cv-02148-HFF)

_____

Submitted: December 1, 2008    Decided: December 22, 2008

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Lemonze E. Ford, Appellant Pro Se. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lemonze E. Ford seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West 2000 & Supp. 2008) motion. For the reasons that follow, we remand to the district court.

In civil cases in which the United States or its officer or agency is a party, parties have sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). A district court may extend the time to appeal upon a motion filed within thirty days after expiration of the prescribed time and a showing of excusable neglect or good cause. This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was filed and entered on its docket on July 10, 2008. The district court received Ford's notice of appeal on September 22, 2008, which was after the sixty-day appeal period expired but before the expiration of the thirty-day excusable neglect period. In his notice of appeal, Ford stated that he received the July 10 order "several weeks late," and he requests permission to file a "timely notice" of appeal. We liberally construe Ford's pro se filing as a motion for an extension of time to file his appeal.

2

Because the notice of appeal was filed within the excusable neglect period and because the district court has not ruled on the motion for extension, we remand this case to the district court for the limited purpose of enabling the district court to determine whether Ford has shown excusable neglect or good cause warranting an extension of the sixty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED